**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Case No. 05-80857

PAMELA M. O'NEIL,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S "MOTION TO CORRECT SENTENCE**
**TO ALLOW FEDERAL AND STATE SENTENCES TO RUN CONCURRENTLY"**

Before the court is Defendant Pamela M. O'Neil's "Motion to Correct Sentence to Allow Federal and State Sentences to Run Concurrently," filed January 28, 2009. The government filed a response April 27, 2009, and Defendant filed a reply May 21, 2009. Having reviewed the briefs in the case, the court will deny Defendant's motion.

Defendant was initially arrested on August 19, 2004. On January 9, 2006, she pleaded guilty in this court to federal drug charges and was sentenced, also by this court, on April 6, 2006 to sixty months imprisonment. Following Defendant's federal sentencing hearing, she was sentenced on April 28, 2006 in state court to twenty-four months imprisonment. Defendant attaches to her motion her state court "Judgment of Sentence," which credited her with 359 days already served and orders that her state court sentence run concurrently to her federal sentence. (Def.'s Mot. Attach.)

In her motion, Defendant requests that the court grant her relief under Federal Rule of Criminal Procedure 36.[1]  Specifically, Defendant asks that the court modify her federal sentence so that it will run concurrently to her state sentence.  She also asks that she receive credit against her federal sentence for time served prior to her sentencing.

Section 3584 of Title 18 governs federal courts' authority to determine whether a defendant's sentences will run concurrently or consecutively, stating in relevant part: "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. §3584.  While the statute grants a federal court discretion to determine whether sentences will run concurrently or consecutively, the Sixth Circuit has held that "18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence."  *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir. 1998) (footnote omitted).  Because this court sentenced Defendant prior to the imposition of any other sentence, this court did not have the authority to make a determination regarding whether Defendant's federal sentence and any later-imposed sentence were to run concurrently or consecutively.  Defendant has not cited any authority, nor is the court aware of any, by which the court can retroactively order her sentences to run concurrently.[2]

---

[1] Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.

[2] It appears that the state court ordered Defendant's sentences to run concurrently, and that, indeed, Defendant's state and federal sentences are running

2

Defendant also states in her motion, "[t]his court should amend/correct/modify [its judgment] to recommend that [] Defendant receive credit for time served from May 3, 2005 until May 3, 2007." (Def.'s Mot. ¶ 11.)  Section 3585(b) of Title 18 provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Moreover, the Supreme Court has stated that "§ 3585(b) does not authorize a district court to compute the [time served] credit at sentencing. . . . [T]he Attorney General must continue to compute the credit under § 3585(b). . . . After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."  *United States v. Wilson*, 503 U.S. 329, 334-35 (interpreting § 3585(b) in light of former § 3568).  Because Congress has delegated the authority to make time served determinations to the Attorney General, this court is without authority to grant Defendant credit for time served prior to her sentence.  *See id.*; *see also Stearns v. United States*, No. 06-14086, 2007 WL 3037746, *7 n.3 (E.D. Mich. Oct. 17, 2007).

---

concurrently.  (Def.'s Mot. Attach.)  Defendant states that she has discharged her state sentence, and, at least as of January 2009, has discharged twenty-one months of her sixty-month federal sentence.  (Def.'s Mot. ¶ 10.)  Furthermore, a search on the BOP's database indicates that Defendant's prospective release date is September 7, 2011. Thus, even though this court did not order the sentences to run concurrently, they appear, at least in part, to have run concurrently.

3

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Correct Sentence to Allow Federal and State Sentences to Run Concurrently" [Dkt. # 25] is DENIED.

                        S/Robert H. Cleland _____
                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated:

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 01, 2009 , by electronic and/or ordinary mail.

                        S/Lisa Wagner _____
                        Case Manager and Deputy Clerk
                        (313) 234-5522